INQUIRY COMMISSION, Movant,

v.

Robert L. TREADWAY, Esq., KBA Member No. 81391, Respondent.

No. 2003—SC–0806–KB.

Supreme Court of Kentucky.

Dec. 18, 2003.

Gardner L. Turner, Sturgill, Turner & Truitt, Lexington, Jay R. Garrett, Kentucky Bar Association, Frankfort, Counsel for Movant.

Robert L. Treadway, Lexington, Counsel for Respondent.

**OPINION AND ORDER**

LAMBERT, Chief Justice.

Pursuant to SCR 3.165(1)(a) and (d), the Inquiry Commission petitions this Court to enter an order temporarily suspending the respondent, Robert L. Treadway, of Lexington, Kentucky, from the practice of law in the Commonwealth of Kentucky. In its petition, the Inquiry Commission contends that there exists probable cause that Treadway has misappropriated funds held for others, or has otherwise handled said funds in an inappropriate manner. The Inquiry Commission further contends that there is probable cause to believe that Treadway is mentally disabled and lacks the physical or mental fitness necessary to continue practicing law.

In its petition, the Inquiry Commission states that it has received information that Treadway allegedly fabricated a story where he informed a former client that

there existed an unfiled civil claim against the client. Purportedly, Treadway told this former client that the claim accused him of having sex with a minor. Treadway advised the client to settle the claim in the amount of $56,500.00. Additionally, Treadway informed this client that he had hired one James Starks, a private investigator, to investigate the matter at a cost totaling $10,000.00. However, Treadway never hired Starks. The Inquiry Commission has submitted sworn affidavits from both the former client and Starks that support the above allegations. Specifically, Starks avers that on August 28, 2003, Treadway admitted to him that he had concocted the whole scheme in order to acquire the funds needed to pay his expenses and to keep his law office open.

It also appears that the aforesaid allegations have resulted in an indictment being issued against Treadway. The Inquiry Commission has tendered a copy of a true bill of the Clark County grand jury, which charges Treadway with five counts of theft by deception, a class D felony.

In his response to the Inquiry Commission's petition, Treadway states that he has been treated for depression for several years, and has experienced two nervous breakdowns. The first breakdown occurred in January of 2002; the second occurred in May of 2003. As a result of his second breakdown, Treadway realized that he was no longer able to practice law. Consequently, he states that he closed his law office in July of 2003, and has limited his practice only to matters in which he has assisted the new counsel to whom he has referred his former clients. Regarding the criminal charges pending against him, Treadway states that he has entered a plea of not guilty and that he intends to contest the charges. While he recognizes that his "mental impairment" has caused "aberrant behavior," Treadway has failed to directly address the assertion that he manufactured a scheme to misappropriate client funds.

Following an examination of the Inquiry Commission's petition, the supporting documents attached to said petition, and Treadway's response, this Court finds probable cause, as set forth in SCR 3.165(1)(a), to believe that Treadway has misappropriated client funds or has otherwise dealt improperly with such. Treadway's conduct also "poses a substantial threat of harm to his clients or to the public." SCR 3.165(1)(b). Furthermore, this Court concludes that probable cause exists to believe that Treadway does not currently possess the requisite mental fitness essential to the practice of law. SCR 3.165(1)(d).

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Robert L. Treadway is temporarily suspended from the practice of law in the Commonwealth of Kentucky effective the date of this order and until superseded by subsequent order of this Court.

2. The Inquiry Commission shall commence disciplinary proceedings against Treadway pursuant to SCR 3.160, unless already begun or unless Treadway resigns under terms of disbarment.

3. Pursuant to SCR 3.165(5), Treadway shall, within twenty days of the date of this order, notify all clients in writing of his inability to continue to represent them and shall furnish copies of such notification letters to the Director of the Kentucky Bar Association.

4. Pursuant to SCR 3.165(6), Treadway shall without delay, to the extent reasonably possible, cancel and

cease any advertising activities in which he is engaged.

All concur.